**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **SAES GETTERS, S.p.A.,**<br><br>**Plaintiff**<br><br>**v.**<br><br>**MATERION CORPORATION, AND MATERION PRECISION OPTICS AND THIN FILM COATINGS, INC.,**<br><br>**Defendants** | **Civil Case No.** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff SAES Getters, S.p.A. ("SAES"), by and through its undersigned attorneys, files this complaint for patent infringement against Defendants Materion Corporation and Materion Precision Optics and Thin Film Coatings, Inc (collectively referred to hereinafter as "Defendants" or "Materion"), and, in support thereof, alleges as follows:

**THE PARTIES**

1. Plaintiff SAES Getters, S.p.A., is a company organized under the laws of Italy, having a principal place of business at Viale Italia, 77 – 20020 Lainate (Milan), Italy. SAES holds all right, title and interest in each patent in this action.

2. On information and belief, Defendant Materion Corporation ("Materion Ohio") is an Ohio corporation having a principal place of business at 6070 Parkland Boulevard, Mayfield Heights, Ohio, 44124. *See*, Ex. A (Materion 10k).

3. On information and belief, Defendant Materion Precision Optics and Thin Film Coatings ("Materion Massachusetts") is a Massachusetts corporation having a principal place of business at 2 Lyberty Way, Westford, Massachusetts 01886. *See* Ex. B (Materion Massachusetts

Annual Report dated March 13, 2017). On information and belief, Materion Massachusetts is a wholly-owned subsidiary of Materion Ohio. *See* Ex. A at Ex. 21.

**JURISDICTION AND VENUE**

4. This is a civil action for patent infringement under the acts of Congress relating to patents, namely the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over the Defendants.

6. Materion Ohio, through its wholly-owned subsidiary Materion Massachusetts, maintains a place of business in this district at 2 Lyberty Way, Westford, Massachusetts 01886. *See* Ex. C (Materion website, < https://materion.com/about/contact-us/north-america>, visited October 26, 2017). On information and belief, Materion Ohio regularly conducts business in this district. *See, e.g.,* Ex. C, Ex. A at 4.

7. Materion Massachusetts, maintains a place of business in this district at 2 Lyberty Way, Westford, Massachusetts 01886. On information and belief, Materion Massachusetts regularly conducts business in this district. *See* Ex. A at 4.

8. Defendants have committed and continue to commit acts of patent infringement. Defendants have, at a minimum, directly and/or through intermediaries, including subsidiaries, distributors, sales agents, and others, sold and/or offered for sale infringing products, as alleged in further detail below. Therefore, this Court has specific jurisdiction over Defendants.

9. Defendants reside in this district, and as such, they are subject to personal jurisdiction in this district. Therefore, this District is proper venue pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

**FACTUAL BACKGROUND**

10. SAES is a developer, producer and distributor of advanced functional materials. Among the materials in the SAES portfolio is a class of contaminant-removing materials referred to as "getters." Ex. D (SAES Website, < https://www.saesgetters.com/products-functions/products/getters>, visited October 26, 2017).

11. SAES is the owner of U.S. Reissue Patent No. RE44,255 ("the '255 Patent") entitled "Support for Microelectronic, Microoptoeletronic or Micromechanical Devices," which was duly and legally issued on June 4, 2013. A true and correct copy of the '255 Patent is attached as Exhibit E. Assignment of the '255 Patent to SAES is shown in Exhibit F.

12. The '255 Patent is a reissue of U.S. Patent No. 6,897,551 ("the '551 Patent"), which was duly and legally issued on May 24, 2005. A true and correct copy of the '551 Patent is attached as Exhibit G.

13. SAES is the owner of U.S. Patent No. 7,808,091 ("the '091 Patent") entitled "Wafer Structure with Discrete Gettering Material," which was duly and legally issued on June 4, 2013. A true and correct copy of the '091 Patent is attached as Exhibit H. Assignment of the '091 Patent to SAES is shown in Exhibit I.

14. Defendants are manufacturers and marketers of getter materials for use in a variety of applications, including optical devices, IR sensors, RF-microelectromechanical systems (RF-MEMS), chemical sensors, microfluidic devices, accelerometers, gyroscopes, pressure and flow sensors, density meters, resonators and vacuum displays. Ex. J (Materion Precision Optics NanoGetters® Brochure).

15. In December 2016, Materion, through its Precision Optics business, acquired getter technology from Integrated Sensing Systems ("ISSYS"). Ex. K (Materion Press Release

dated December 19, 2016, available at http://files.shareholder.com/downloads/BW/5459777928x0x921542/9DA0AB01-4BA7-4691-A635-E6B633C0CBB1/MTRN_News_2016_12_19_General.pdf>, visited October 26, 2017). The getter products are marketed under the name NanoGetters®. The ISSYS NanoGetters are also described in a presentation prepared on or about July 2004 (available at < https://www.mems-exchange.org/catalog/P3502/file/6b0193ffd70a/NanoGetters.ppt>, visited October 26, 2017). Ex. L

16. Prior to Materion's acquisition of the ISSYS NanoGetters technology, SAES and ISSYS had engaged in discussions about SAES's getters technology, including patents related to the getter technology, and, in particular, the '255 and '091 Patents.

17. As early as 2007, SAES had notified ISSYS of the '551 Patent. Ex. M (July 3, 2007 letter to William Tischkoff).

18. During discussions between SAES and ISSYS, no later than 2015, SAES notified ISSYS of the '255 and '091 Patents.

19. On information and belief, Materion, through its Precision Optics division has sold and continues to sell, offer for sale and market the ISSYS NanoGetters® technology. Ex. N (Materion website, < https://materion.com/resource-center/newsletters/optical-innovations-news/materion-offers-new-nanogetters-technology>, visited October 26, 2017); Ex. J.

20. On information and belief, Materion marketed the NanoGetters® technology at the 2017 SPIE Photonics West Exhibition in San Francisco California, between January 28 and February 2, 2017. Ex. O (SPIE Photonics West Exhibition Guide, available at http://spie.org/conferences-and-exhibitions/past-conferences-and-exhibitions/photonics-west-2017, visited October 26, 2017) at 92, 112, 217, 347.

21. On information and belief, Materion marketed the NanoGetters® technology at the IMAPS 13th International Conference & Exhibition on Device Packaging in Fountain Hills, Arizona between March 6 and March 9, 2017. Ex. P (IMAPS 2017 Exhibiting Companies website; available at <http://www.imaps.org/DevicePackaging/exhibitors2017.htm>, visited October 26, 2017).

22. Materion marketed the NanoGetters® technology at the Sensors Expo and Conference in San Jose, California between June 27 and June 29, 2017. Ex. Q (Sensors Expo Exhbitors webpage, available at <http://s36.a2zinc.net/clients/Questex/Sensors17/Public/eBooth.aspx?IndexInList=149&FromPage=Exhibitors.aspx&ParentBoothID=&ListByBooth=true&BoothID=141185>, visited October 26, 2017).

23. By letter dated January 30, 2017, SAES notified Materion of SAES's belief that Materion's acquisition and marketing of the NanoGetters® technology constituted infringement of at least the '255 and '091 Patents. Ex. R. SAES requested a response by February 10, 2017. *Id*.

24. By letter dated February 10, 2017, Materion indicated it was not in a position to substantively respond to SAES's January 30 letter. Ex. S.

25. By letter dated March 15, 2017, SAES reiterated its concerns about Materion's potential infringement of the '255 and '091 Patents. Ex. T. SAES identified Materion's marketing presentations at the SPIE and IMAPS conferences. *Id.* SAES requested that Materion substantively respond to SAES's January 30 letter by March 31, 2017, particularly in view of Materion's continued marketing of the NanoGetters technology after receipt of the January 30, 2017 letter. *Id*.

26. In a letter dated March 31, 2017, Materion failed to substantively respond to SAES, but instead asked only for more information. Ex. U.

**COUNT 1**
**(Infringement of U.S. Patent No. RE44,255)**

27. Plaintiff SAES incorporates paragraphs 1-26 above as is fully set forth herein.

28. Plaintiff SAES is the owner of the ‘255 Patent.

29. Plaintiff has never licensed Defendants under the ‘255 Patent, nor otherwise authorized Defendants to practice the ‘255 Patent.

30. The claims of the ‘255 Patent are generally directed to devices for use in manufacturing that contain contaminant-removing materials (i.e. “getters”) that are at least partially exposed to the atmosphere of the device in order to remove contaminants from the atmosphere.

31. Claim 1 of the ‘255 Patent reads:

> 1. A device for use in manufacturing, comprising a base, wherein said base functions as mechanical support for said device, wherein said device is configured such that on said base a contaminant removing material is deposed in the form of discrete deposits, wherein said discrete deposits are configured to be at least partially exposed to the atmospheric environment of said device and wherein said discrete deposits of contaminant removing material have a thickness within a range from 0.1 to 5 μm.

Ex. E at 7:9-17.

32. Claim 2 of the ‘255 Patent is dependent on Claim 1 and applies the elements of Claim 1 to certain categories of microdevices, reading:

> 2. The device as recited in claim 1, wherein said device is used in the manufacture of a microdevice selected from the group consisting of: microelectronic devices (IC), micromechanical devices (MM), and microoptoelectronic devices, wherein said microoptoelectronic devices include IR sensors.

Ex. E at 7:18-22.

33. Claim 4 of the ‘255 Patent is a separate independent claim requiring that the contaminant removing material be fully exposed to the atmosphere of the device. Claim 4 reads:

> 4. A device for use in manufacture of solid state devices comprising a base, where said base comprises discrete deposits of a contaminant removing material having a thickness within a range from 0.1 to 5 μm, where said contaminant removing material is entirely exposed to the atmospheric environment of said device.

Ex. E at 7:33-38.

34. Claims 8 and 9 of the ‘255 Patent further define the materials from the base may be formed. Claims 8 and 9 read:

> 8. The device as recited in claim 1 wherein said base includes material selected from the group consisting of: metals, ceramics, glass, and semiconductors.
>
> 9. The device as recited in claim 8, wherein said material is silicon.

Ex. E at 7:52-56.

35. Claims 10-13 further define the materials from which the contaminant removing material may be formed. Claims 10-13 of the ‘255 Patent read:

> 10. The device as recited in claim 1 wherein said contaminant removing material is a getter material.
>
> 11. The device as recited in claim 10 wherein said getter material includes a material selected from the group of metals consisting of: Zr, Ti, Nb, Ta, V, and alloys of these metals.
>
> 12. The device as recited in claim 11 wherein said getter material further comprises a material selected from the group consisting of: Cr, Mn, Fe, Co, Ni, Al, Y, La and rare-earths.
>
> 13. The device as recited in claim 11 characterized in that said getter material is titanium.

Ex. E at 7:57-8:2.

36. Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 2, 4 and 7-13 of the ‘255 Patent by making, using, selling and/or offering for sale the NanoGetters technology and/or devices that include the NanoGetters technology without SAES’s authorization in violation of 35 U.S.C. § 271.

37. A claim chart detailing Defendants’ infringement of the ‘255 Patent is attached hereto as Exhibit U.

38. As detailed in Exhibits Q-T, Defendants had actual notice of the ‘255 Patent not later than January 30, 2017.

39. On information and belief, Defendants had actual notice of the ‘255 Patent during their acquisition of the ISSYS NanoGetters technology.

40. Despite having actual notice of the ‘255 Patent, Defendants have continued to promote, advertise and instruct customers about the NanoGetters technology, including infringing uses under 35 U.S.C. § 271, for example, how to incorporate the NanoGetters material into a device. Defendants engaged in these acts with the actual intent to cause acts which it knew or should have known would constitute direct infringement of the ‘255 Patent. Thus, Defendants have induced infringement of at least claims 1, 2, 4 and 7-13 of the ‘255 Patent.

41. Despite having actual knowledge of the ‘255 patent during acquisition of the ISSYS NanoGetters technology, Defendants have failed to provide any specific arguments regarding non-infringement or invalidity of the ‘255 Patent in response to SAES’s notifications of potential infringement. Therefore, given Defendants’ continued sale and offer for sale of the NanoGetters technology, Defendants’ infringement of the ‘255 patent has been willful.

42. Defendants' infringement of the '255 Patent has caused irreparable harm to SAES and will continue to do so unless enjoined.

**COUNT 2**
**(Infringement of U.S. Patent No. 7,808,091)**

43. Plaintiff SAES incorporates paragraphs 1-42 above as is fully set forth herein.

44. Plaintiff SAES is the owner of the '091 Patent.

45. Plaintiff has never licensed Defendants under the '091 Patent, nor otherwise authorized Defendants to practice the '091 Patent.

46. The claims of the '091 Patent are generally directed to devices for use in manufacturing that contain contaminant-removing materials (i.e. "getters") that are at least partially exposed to the atmosphere of the device in order to remove contaminants from the atmosphere.

47. Claim 1 of the '091 Patent reads:

> 1. An article of manufacture comprising:
> a wafer having a substantially planar surface and a plurality of discrete areas;
> a gas absorptive material provided at said plurality of discrete areas to define discrete deposits; and
> a covering layer formed over at least a portion of the substantially planar surface of the base structure and at least partially covering the absorptive material.

Ex. H at 8:17-24.

48. Claim 3 of the '091 requires passages through the covering layer allowing exposure of the gas absorptive material and reads:

> 3. An article of manufacture as recited in claim 1 wherein the covering layer is provided with passages exposing at least a portion of the absorptive material.

Ex. H at 8:28-30.

49. Claims 6-8 of the '091 Patent further define the characteristics of the gas absorptive material and the covering layer. Claims 6-8 read:

> 6. An article of manufacture as recited in claim 1 wherein the absorptive material is at least one of a getter and a drier.
>
> 7. An article of manufacture as recited in claim 1 wherein the absorptive material is formed to a thickness of between about 0.1 to 5 μm.
>
> 8. An article of manufacture as recited in claim 1 wherein the covering layer is formed to a thickness of between about 1 to 20 μm.

Ex. H at 8:46-53.

50. Defendants have directly infringed and continue to directly infringe, either literally or under the doctrine of equivalents, at least claims 1, 3 and 6-8 of the '091 Patent by making, using, selling and/or offering for sale the NanoGetters technology and/or devices that include the NanoGetters technology without SAES's authorization in violation of 35 U.S.C. § 271.

51. A claim chart detailing Defendants' infringement of the '091 Patent is attached hereto as Exhibit V.

52. As detailed in Exhibits Q-T, Defendants had actual notice of the '091 Patent not later than January 30, 2017.

53. On information and belief, Defendants had actual notice of the '091 Patent during their acquisition of the ISSYS NanoGetter technology.

54. Despite having actual notice of the '091 Patent, Defendants have continued to promote, advertise and instruct customers about the NanoGetters technology, including infringing uses under 35 U.S.C. § 271, for example, how to incorporate the NanoGetters material into a device. Defendants engaged in these acts with the actual intent to cause acts which it

knew or should have known would constitute direct infringement of the ‘091 Patent. Thus, Defendants have induced infringement of at least claims 1, 2, 4 and 7-13 of the ‘091 Patent.

55. Despite having actual knowledge of the ‘091 patent during acquisition of the ISSYS NanoGetters technology, Defendants have failed to provide any specific arguments regarding non-infringement or invalidity of the ‘091 Patent in response to SAES’s notifications of potential infringement. Therefore, given Defendants’ continued sale and offer for sale of the NanoGetters technology, Defendants’ infringement of the ‘091 patent has been willful.

56. Defendants’ infringement of the ‘091 Patent has caused irreparable harm to SAES and will continue to do so unless enjoined.

**RELIEF REQUESTED**

THEREFORE, Plaintiff SAES prays for judgment and relief including:

(A) Judgement and decree that Defendants have been and are infringing one or more of the claims of the ‘255 and ‘091 Patents pursuant to 35 U.S.C. §§ 271 (a) and (b);

(B) A preliminary and permanent injunction enjoining Defendants and their respective officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, distributors and all others acting in concert or privity with any of them from infringing or inducing infringement of the ‘255 and ‘091 patents;

(C) An Award of damages incurred by Plaintiff SAES as a result of Defendants’ infringement of the ‘255 and ‘091 Patents as provided under 35 U.S.C. § 284;

(D) Enhanced damages as a result of Defendants’ willful infringement of the ‘255 and ‘091 Patents;

(E) An assessment of costs, including reasonable attorney’s fees pursuant to 35 U.S.C. § 285, and prejudgment interest against Defendants; and

(F) Any further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all claims and issues so triable.

Respectfully Submitted,

Dated: October 27, 2017

/s/ Wayne M. Serra

Wayne M. Serra (B.B.O. #638159)
MCDONNELL BOEHNEN HULBERT & BERGHOFF LLP
300 S. Wacker Dr., Suite 3200
Chicago, IL 60606
(312) 913 3384
serra@mbhb.com

*Attorneys for Plaintiff SAES Getters, S.p.A.*